IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ACER LANDSCAPE SERVICES, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LASITER & LASITER INC. PC AND ) <br> MARK LASITER, INDIVIDUALLY, ) <br> ) <br> Defendants. ) | Case No. 3:23-cv-531 <br> JURY DEMAND |

### DEFENDANTS LASITER & LASITER INC. PC AND MARK LASITER'S MOTION TO DISMISS

Pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, Defendants Lasiter & Lasiter Inc., P.C. ("**Firm**") and Mark Lasiter ("**Mr. Lasiter**"), by and through counsel, move to dismiss this matter for improper venue. This action arises from a retention agreement (the "**Agreement**") between the Firm and Acer Landscape Services, LLC ("**Acer**") for certain accounting services, including services that form the basis of Acer's Complaint. [Doc. 1, 1-1, Ex. A]. The Agreement, **attached as Exhibit A to Acer's Complaint**, contains a choice of venue and choice of law provision stating that lawsuits arising from the Agreement shall be brought in the United States District Court for the State of Indiana. *Id*. Despite this, the Plaintiff filed suit in this Court—the United States District Court for the Middle District of Tennessee. [Doc. 1].

Choice of forum can be defeated by an enforceable forum-selection clause. The forum-selection clause here is enforceable because it was not entered into by way of fraud or duress; the designated forum is capable of providing a remedy for Plaintiff; and there is no significant inconvenience caused by trying the case in Indiana. [Doc. 1, 1-1, Ex. A]. Further, there are no

1

public interest factors here that would overcome the presumption that enforceable forum-selection clauses are upheld by the courts. *Id*. Enforcement of the venue selection clause would also extend to Mark Lasiter individually as a transaction participant. *Id*.

In support of this Motion, the Firm and Mr. Lasiter rely upon and incorporate their supporting Memorandum of Law in Support of its Motion to Dismiss, filed contemporaneously herewith. For the reasons stated herein, the Firm and Mr. Lasiter aver that they are entitled to dismissal of this matter pursuant to Fed. R. Civ. P. 12(b)(3), or in the alternative, the transferring of this matter to the United States District Court for the State of Indiana pursuant to 28 U.S.C. §1402(a).

Dated the 14th day of July 2023.

Respectfully submitted,

**LEWIS, THOMASON, P.C.**

By: /s/ *W. Paul Whitt*
W. Paul Whitt, BPR # 024793
Brad W. Craig, BPR # 031082
Angela N. Mozdzierz, BPR # 039363
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219
Phone: (615) 259-1359
bcraig@lewisthomason.com
pwhitt@lewisthomason.com
amozdzierz@lewisthomason.com

*Attorneys for Defendants Lasiter & Lasiter Inc., PC and Mark Lasiter*

## CERTIFICATE OF SERVICE

       I hereby certify that on this the 14th day of July, 2023, a copy of the foregoing Motion to Dismiss was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                      /s/ *W.Paul Whitt*