UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ACER LANDSCAPE SERVICES, LLC, <br><br> Plaintiff, <br><br> v. <br><br> LASITER & LASITER INC. PC AND MARK LASITER, INDIVIDUALLY, <br><br> Defendants. | Civil Action No. 3:23-cv-00531 <br> JURY DEMAND |

## AMENDED COMPLAINT

Plaintiff Acer Landscape Services, LLC ("Acer"), for its complaint against Defendants Lasiter & Lasiter Inc., P.C. ("Lasiter Inc.") and Mark Lasiter, states:

### INTRODUCTION

1. Section 3134 of the Internal Revenue Code ("Section 3134") allows an "eligible employer" a credit against the employer's employment taxes; the credit is referred to as the Employee Retention Credit ("ERC"). An "eligible employer" includes an employer whose business is fully or partially suspended because of orders from a governmental authority limiting commerce, travel, or group meetings due to COVID-19. The ERC was designed to benefit eligible employers by providing a credit against the employer's federal employment tax liability for certain wages paid to the eligible employer's employees.

2. Many entities have engaged in what the Internal Revenue Service ("IRS") has declared a scam by inducing (mostly small) businesses into claiming the ERC when such businesses do not, in fact, qualify for one. That is exactly what occurred here.

1

3. Lasiter Inc. induced Acer to claim the ERC with little to no diligence to determine whether Acer actually qualified for the ERC. In return, Lasiter Inc. extracted a significant "contingent fee." Indeed, although Acer never qualified for an ERC, Lasiter Inc. induced Acer to authorize Lasiter Inc. to file amended federal employment tax returns and claim a refund in the amount of $1,495,423.44.

4. Acer later determined through a different certified public accountant that it does not qualify for the ERC refund. Acer now plans to return any tax refunds related to the ERC that it received to the IRS. Nonetheless, Lasiter Inc. insists that it is entitled to its contingent fee of $299,084.68.

## THE PARTIES, JURISDICTION, AND VENUE

5. Acer is a Tennessee limited liability company with a principal place of business in Franklin, Tennessee. Its sole member is a Tennessee resident, Alfred Stewart. Under Acer's LLC Agreement, only the president of Acer has authority to enter into contracts on its behalf. *See* LLC Agreement, attached hereto as **Exhibit A**.

6. Lasiter Inc. is an Indiana professional for-profit corporation with a principal office located at 6010 S. East Street, Indianapolis, Indiana 46227. Its Registered Agent for service of process is Mark L. Lasiter, 6010 S. East Street, Indianapolis, Indiana 46227. Lasiter Inc. is not registered to do business in the State of Tennessee.

7. Mark L. Lasiter is a certified public accountant doing business at 6010 S. East Street, Indianapolis, Indiana 46227.

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) in that this is a civil action between citizens of the state of Tennessee, on the one hand, and Indiana, on the other, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue before this Court is proper because a substantial part of the events or omissions giving rise to this action occurred in this district.

## FACTUAL BACKGROUND

10. Section 3134 allows an ERC to be applied against the federal employment tax liability of an employer satisfying the requirements of such code section. Lasiter Inc. and/or its agents solicited Acer to consider applying for a refund of previously paid employment taxes by Acer amending its previously filed employment tax returns such that the ERC would apply to Acer's federal employment tax liability.

11. As a result of this solicitation by Lasiter Inc. and/or its agents, Acer agreed to provide its business information to facilitate Lasiter Inc.'s evaluation of whether Acer qualified for the ERC and a corresponding refund of federal employment taxes that it previously paid.

12. Lasiter Inc. submitted an engagement letter to Acer. Engagement Letter, Doc. No. 1-1. Pursuant to the engagement letter, Lasiter Inc. was to be paid a contingent fee as follows: "If an [ERC] is issued or a tax bill is reduced, the contingent fee you shall pay to Lasiter is TWENTY PERCENT (20%) of any such refund or reduction." *Id.* at PageID # 13.

13. The engagement letter was signed by Casey Winge. *Id.* at PageID # 15. Mr. Winge had no actual, apparent or implied authority to sign the engagement letter on Acer's behalf. Mr. Stewart, the sole member of Acer, did not authorize Mr. Winge to sign the agreement on Acer's behalf and, in fact, was not aware that Mr. Winge signed the agreement. As a result, the engagement letter is unenforceable against Acer.

14. Lasiter Inc., through Mark Lasiter, then requested that Acer complete an ERC Questionnaire. ERC Questionnaire, Doc. No. 1-2. The ERC Questionnaire stated: "the purpose of this form is to document a full or partial suspension of operations as a result of governmental

3

order restricting commerce, travel or group meetings." *Id.* at PageID # 20. Acer completed the ERC Questionnaire truthfully and provided the completed Questionnaire to Mark Lasiter.

15. Acer had no further discussion with Lasiter Inc. concerning the ERC Questionnaire or the basis for Acer's responses, and Lasiter Inc. did not request any additional information related to Acer's qualification for the ERC.

16. Lasiter Inc. and Mark Lasiter did not ask whether certain supply chain interruptions identified by Acer in response to a question on the ERC Questionnaire caused a full or partial suspension of Acer's business operations.

17. Lasiter Inc. and Mark Lasiter did not ask whether any of Acer's suppliers partially or fully suspended their operations due to a governmental order.

18. Lasiter Inc. and Mark Lasiter asserted that Acer qualified for the ERC based upon the supply chain interruption, explaining in an email sent by Mark Lasiter that "You [Acer] qualify based on supply chain interruptions per the ERC Questionnaire you [Acer] provided." Email, Doc. No. 1-3 at PageID # 25.

19. Based upon Lasiter Inc.'s and Mark Lasiter's evaluation, Lasiter Inc. and Mark Lasiter advised Acer that Acer qualified for a tax refund in the amount of $1,495,423.44. *See* Letter, Doc. No. 1-4.

20. Lasiter Inc. then prepared amended employment tax returns for Acer claiming the ERC and filed the amended returns with the IRS on Acer's behalf.

21. Upon further investigation by a certified public accountant located in Tennessee, Acer learned that it did not qualify for the ERC. As a result, Acer determined that it is not going to accept the refund to be issued by the IRS.

22. Acer notified Lasiter Inc. of this determination and terminated its engagement with Lasiter Inc. *See* Engagement Termination Letter, Doc. No. 1-5.

23. Lasiter Inc. responded, asserting it was owed a fee even if Acer refused to accept the refund from the IRS. *See* Response, Doc. No. 1-6. More recently, Lasiter Inc., through counsel, restated its intent to collect its fee.

24. Despite the fact that Acer does not qualify for an employment tax refund based on an ERC, Lasiter Inc. continues to demand a contingency fee totaling $299,084.68 (20% of $1,495,423.44).

24. The IRS has issued several notices warning about the use of the ERC and urging taxpayers to review the ERC guidelines and advising that "there are promoters misleading people and businesses into thinking they can claim [the ERC]." The IRS further stated that it is "actively auditing and conducting criminal investigations related to false [ERC] claims." *See* Collective Warnings and Notices, Doc. No. 1-7.

## CAUSES OF ACTION

### COUNT I—VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT ("TCPA") (LASITER INC.)

25. Acer repeats and realleges as if fully set forth herein the allegations set forth in all previous paragraphs.

26. The TCPA is designed to protect Tennessee residents and businesses from scams such as the scam perpetrated on Acer by Lasiter Inc. Indeed, the TCPA prohibits this conduct, prohibiting a business from representing that a consumer transaction confers or involves rights, remedies, or obligations that it does not have or involve or which are prohibited by law. Tenn. Code Ann. § 47-18-104(12).

27. Lasiter Inc. violated the TCPA by inducing Acer to apply for a refund of federal employment taxes based on the application of the ERC which Acer did not qualify for.

28. Accordingly, the Court should enter judgment for damages resulting from this misconduct, including any penalties imposed by the IRS.

29. The Court should further declare that Lasiter Inc. is not entitled to the $299,084.68 contingent fee it is claiming.

### COUNT II—DECLARATORY JUDGMENT (LASITER INC.)

30. Acer repeats and realleges as if fully set forth herein the allegations set forth in all previous paragraphs.

31. Pursuant to the Declaratory Judgment Act, 28 U.S.C.A. § 2201, a case or controversy exists with respect to the dispute between Acer and Lassiter Inc.

32. The engagement letter was not signed by a person on behalf of Acer who had actual, apparent or implied authority to sign the agreement; therefore, the Court should declare that the engagement letter is unenforceable against Acer. More specifically, Acer's sole member was unaware of the terms of the engagement letter and never authorized Mr. Winge to enter into the engagement letter and Mr. Winge is not and never has been the president of Acer.

33. Further, Acer denies that Lasiter Inc. is entitled to its claimed $299,084.68 contingent fee because Acer, through qualified certified public accountants, has determined that it does not qualify for the refund of federal employment taxes previously paid by Acer through Lasiter Inc.'s filing of amended employment tax returns on behalf of Acer.

34. Accordingly, the Court should enter an order declaring that Lasiter Inc. is not entitled to the $299,084.68 contingent fee it is claiming Acer owes it, and further that Acer's termination of the engagement letter was proper.

## COUNT III—BREACH OF CONTRACT (LASITER INC.)

35. Acer repeats and realleges as if fully set forth herein the allegations set forth in all previous paragraphs.

36. Count III is alleged in the alternative should the engagement letter be deemed a valid and enforceable contract.

37. Pursuant to the engagement letter, Lasiter Inc. warranted that is Services "shall be performed with reasonable care in a diligent and competent manner." *See* Engagement Letter, Doc. No. 1-1.

38. Lasiter Inc. breached this warranty by failing to conduct reasonable and necessary due diligence to determine whether Acer was entitled to a refund of employment taxes based on Acer's qualification for the ERC. Indeed, Lasiter Inc. stated that "You qualify based on supply chain interruptions per the ERC Questionnaire you provided," (*see* Email, Doc. No. 1-3) but failed to inquire of any Acer employee whether Acer fully or partially suspended its business operations due to orders from a governmental authority limiting commerce, travel, or group meetings due COVID-19, including a full or partial suspension of business operations due to any supply chain interruptions that would allow Acer to qualify for a refund of employment taxes due to the application of the ERC to Acer's federal employment tax liability.

39. Indeed, Acer did not fully or partially suspend its business operations due to supply chain disruptions so as to qualify for a refund based on the application of the ERC, an inquiry Lasiter Inc. never made.

40. As a result, Lasiter Inc. breached the engagement letter agreement.

41. Acer has suffered and will likely suffer damages as a result of Lasiter Inc.'s breach.

7

42. This Court should award Acer damages in an amount to be proven at trial as a result of Lasiter Inc.'s breach.

**COUNT IV—PROFESSIONAL NEGLIGENCE (LASITER INC. AND MARK LASITER)**

43. Acer repeats and realleges as if fully set forth herein the allegations set forth in all previous paragraphs.

44. Lasiter Inc. and Mark Lasiter owed duties to exercise reasonable care in providing accounting advice and guidance to Acer, including conducting the necessary diligence before recommending that Acer allow it to apply for a refund of federal employment taxes based on the application of the ERC to Acer's federal employment tax liability.

45. Lasiter Inc. and Mark Lasiter breached their duties owed to Acer.

46. Acer has suffered and will suffer damages in an amount to be proven at trial as a result of Defendants' breaches.

47. Consequently, the Court should enter judgment against the Defendants in an amount to be proven at trial as a result of their breaches.

## PRAYER FOR RELIEF

**WHEREFORE,** Acer respectfully requests that the Court:

A. Enter judgment declaring that the engagement letter is not enforceable since it was not signed by a person with proper authority to sign it;

B. Enter judgment for Acer declaring that it does not owe Lasiter Inc. the contingent fee it is demanding;

C. Enter judgment against Defendants in amount to be proven at trial;

D. Award Acer judgment as a result of Lasiter Inc.'s violation of the TCPA, including treble damages;

E. Award Acer its attorneys' fees and costs;

F. Grant Acer a jury trial on all issues so triable; *and*

G. Grant Acer any and all other relief to which it appears entitled.

Respectfully submitted,

BRADLEY ARANT BOULT CUMMINGS LLP


By: */s/ Russell B. Morgan*
    Russell B. Morgan (No. 20218)
    Rachel L. Sodée (No. 38391)
    1600 Division Street, Suite 700
    Nashville, TN 37203
    (615) 252-2311
    Facsimile: (615) 252-6311
    rmorgan@bradley.com
    rsodee@bradley.com

    *Attorneys for Plaintiff Acer Landscape Services, LLC*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was served via email and/or the Court's ECF System on August 18, 2023, upon the following:

    W. Paul Whitt
    Brad W. Craig
    Angela N. Mozdzierz
    Lewis, Thomason, P.C.
    424 Church Street, Suite 2500
    P.O. Box 198615
    Nashville, TN 37219
    bcraig@lewisthomason.com
    pwhitt@lewisthomason.com
    amozdzierz@lewisthomason.com

                                              */s/ Russell B. Morgan*
                                              Russell B. Morgan